Frank J. Hagerty Mantel Company, Appellant, *v.* Wendell Bolibruch and Pauline Bolibruch et al.

Argued April 24, 1929.

Before Trexler, Keller, Gawthrop, Cunningham and Baldrige, JJ.

*Samuel A. Schreiner,* for appellant.—Claimant under oral contract need not set forth dates when materials were furnished: Bennett Lumber and Manufacturing Company v. Hartrick, 61 Pa. Superior Ct. 456; Barker Painting Company v. General Carbonic Company, 78 Pa. Superior Ct. 493.

No appearance and no printed brief for appellee.

Opinion by Baldrige, J., July 2, 1929:

We are in entire accord with the learned trial judge in striking off the mechanic's lien filed in this case. The claim was based on materials and labor furnished, consisting of tile, bath room accessories, cement, lime, sand, gravel, labor, as set forth in the bill of particulars. The work was done and materials were furnished upon an oral bid to a general contractor for the sum of two hundred forty ($240) dollars, "which

was orally accepted by him at or about the time said labor and materials were furnished." Attached to the claim was the following bill of particulars:

"138 sq. ft. 6 in. x 3 in. glazed tile
35 lin. ft. 6 in. x 2 in. glazed cap
24 lin. ft. 6 in. x 2 in. glazed cove
60 sq. ft. 1 in. white hex vitreous tile
 Bath Room Accessories.
(1) one 6 in. x 6 in. China soap and grab rail
(1) one 24 in. towel bar
(1) one 6 in. x 6 in. china tumbler holder
(1) one 6 in. x 6 in. china soap holder
(1) one 6 in. x 6 in. china paper holder
(1) tooth brush holder
7 sacks of cement
4 sacks of lime
25 bushel of sand
10 bushel of gravel
4 days labor for tile-setter and helper
 Contract price for the above ........ $240"

It will be noted that the claimant did not aver that its bid was accepted prior to, but "at or about the time" of the furnishing of the labor and materials. As the materials were furnished and the work was done over a period of two weeks, to wit, from December 4, 1925, to December 18, 1925, we can not assume that the contract was entered into for a definite sum prior to the furnishing of materials and doing the work. As there was no contract for a lump sum, the claim should have set forth the dates when the materials were furnished and the work done.

This case is controlled by our discussion and conclusion in the opinion filed this day in Johnson Service Company v. Fayette Title and Trust Building, Corporation et al.

The judgment of the lower court is affirmed.